**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **In re Complaint of Hollis B. Corp.** | **Civil No. 2016-14** |

**ATTORNEYS:**

**Jennifer Quildon Miller-Brooks**
Hanilton, Miller & Birthisel, LLP
Miami, Fl.
*For Hollis B. Corp.,*

**Andrew C. Simpson**
Law Offices of Andrew Simpson
St. Croix, U.S.V.I.
*For Varlack Ventures, Inc.,*

**Thomas F. Friedberg**
Law Offices of Friedberg & Bunge
San Diego, Ca.
*For Salvatore Gerace and Dottie Gerace.*

**ORDER**

**GÓMEZ, C.J.**

Before the Court is the motion of Hollis B. Corp. for Entry of an Order Approving *Ad Interim* Stipulation and for Entry of an Order Issuing Monition and Injunction.

**FACTUAL AND PROCEDURAL HISTORY**

On October 22, 2014, Salvatore and Dottie Gerace (the "Geraces") were passengers on the New Horizons, a vessel they assert is owned and operated by Hollis B. Corp. ("Hollis"), J.

Quest Corp. ("J. Quest"), and T.K. Sailing Corp. ("T.K. Sailing"). As the New Horizons was navigating through Pillsbury Sound in St. Thomas, U.S. Virgin Islands, it was struck by the Capital Venture, a vessel owned and operated by Varlack Ventures, Inc. ("Varlack"). The Geraces allege that they were both seriously injured as a result of the collision. The Geraces also allege that Hollis, J. Quest, J.K. Sailing, and Varlack were each negligent in the operation of their respective vessels. The Geraces further allege that this negligence was the cause of their injuries.

On November 8, 2015, the Geraces commenced a negligence action, docketed at Civil No. 2015-74, against Varlack, Hollis, J. Quest, and T.K. Sailing d/b/a New Horizons Sailing Charters.

On February 12, 2016, Hollis initiated this action by filing a Complaint for Exoneration from or Limitation of Liability; an *Ad Interim* Stipulation; and a Motion for Entry of Order Approving *Ad Interim* Stipulation and Issuing Monition and Injunction. Hollis's complaint alleges that Hollis is the sole owner of the vessel New Horizons. Hollis asserts that it should be exonerated from any liability for the October 22, 2014, collision. In the alternative, Hollis asserts that its liability should be limited to New Horizons's post-casualty value.

Hollis filed its *Ad Interim* Stipulation for value and costs to "stand as security for costs and all claims in the limitation proceeding petitioned for by [Hollis]." ECF No. 2, Exh. 1 at 2. The stipulation asserted that the value of the New Horizons is $43,261 and provided that, if the Court orders, "said surety shall, within thirty (60) [sic] days after entry of an order confirming the value of [Hollis'] interest in the [New Horizons] . . . pay into the Court's registry the sum of up to and not exceeding $43,261 plus interest, or in the alternative, file a bond or stipulation of value in such amount." *Id.* the stipulation provided that

> [s]aid surety agrees to abide by all orders of the District Court . . . and to pay, in accordance with and subject to terms and conditions of [Hollis]'s insurance policy, the amount awarded by the final judgment of this District Court, or by an appellate court if an appeal intervenes, the sum of up to and not exceeding $43,261, with interest as aforesaid, unless the amount or value of [Hollis]'s interest in the [New Horizons] is paid into the Court's registry by the [Hollis] or if a Stipulation of Value is filed, in which event this *Ad Interim* Stipulation shall be void.

*Id.* Hollis did not identify its surety and did not provide the Court with a letter of undertaking executed by a surety and guaranteeing payment.

Hollis's Motion for Entry of Order Approving *Ad Interim* Stipulation and Issuing Monition and Injunction asked the Court to approve the a*d interim* stipulation as "approved security";

issue an injunction "against all persons or corporations claiming damage for any and all loss, destruction, injuries, and/or death caused by or resulting from the casualty set forth in the [limitation complaint]"; and direct those parties to file their claims in the limitation proceedings. ECF No. 4, Exh. 1 at 2.

On September 30, 2016, the Court denied Hollis's Motion for Entry of Order Approving *Ad Interim* Stipulation and Issuing Monition and Injunction. "Because Hollis ha[d] failed to provide a letter of undertaking executed by an appropriate surety, and because Hollis purport[ed] to limit its obligation to pay pursuant to the terms of its insurance policy, the Court h[eld] that the *ad interim* stipulation was not 'approved security.'" ECF No. 35 at 16-17.

On October 26, 2016, Hollis filed a letter of undertaking and a motion captioned Motion for Entry of Order Approving Letter of Undertaking and Issuing Monition of Injunction.

The letter of undertaking was executed by Falvey Yacht Insurance ("Falvey"). In the letter, Falvey "agree[d] to pay on behalf of [Hollis] to satisfy any settlement or final judgment (up to the vessel valuation of . . . $43,261.00 plus interest at the rate of 6%)." ECF No. 39, Exh. 1 at 1. Falvey acknowledges that the "letter in no way restricts or limits the right of any

claimant to challenge the value of the vessel at issue, or to seek additional security should the value of the vessel be determined by the court to be in excess of $43,261.00." *Id.* at 1-2.

The Geraces opposed Hollis's renewed motion for a monition and injunction. They argue that (1) Hollis cannot obtain exoneration or limitation of liability because "it was in privity and/or had knowledge of the incident"; (2) the letter of undertaking is not sufficient security; and (3) Hollis's appraisal of the New Horizon's value "is inaccurate and likely insufficient." ECF No. 41 at 3.

**DISCUSSION**

The Limitation of Liability Act grants shipowners the right to limit liability for injury and damage claims arising out of accidents involving their vessels. *See* 46 U.S.C. § 30501, *et seq*. As the Supreme Court has explained, the animating purpose of the Act

> was to encourage shipbuilding and to induce the investment of money in this branch of industry by limiting the venture of those who build the ships to the loss of the ship itself or her freight then pending, in cases of damage or wrong happening, without the privity, or knowledge of the shipowner, and by the fault or neglect of the master or other persons on board.

*Hartford Acc. & Indem. Co. of Hartford v. S. Pac. Co.*, 273 U.S. 207, 214 (1927). To that end, the Act provides that the

liability of a shipowner arising out of a maritime accident "shall not exceed the value of the vessel and pending freight," so long as the accident occurred "without the privity or knowledge of the owner." 46 U.S.C. § 3505. These protections extend to the owners of pleasure vessels. *See Keys Jet Ski, Inc. v. Kays*, 893 F.2d 1225, 1228-29 (11th Cir. 1990).

Supplemental Rule F of the Federal Rules of Civil Procedure outlines the procedure to be followed in limitations actions. First, a shipowner must file a complaint in an appropriate district court within six months of receiving written notice of a claim. Fed. R. Civ. P. Supplemental Rule F(1); *see also* 46 U.S.C. § 30511(a). Thereafter, the shipowner must deposit with the court "a sum equal to the amount or value of the owner's interest in the vessel . . . , or approved security therefor." Supplemental Rule F(1); *see also* 46 U.S.C. § 20511(b)(1). If a shipowner opts to provide the district court with approved security for the cost of vessel, he must also give security "for interest at the rate of 6 percent per annum from the date of the security." Supplemental Rule F(1). Additionally, the shipowner must provide security for costs and "such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of the statutes as amended." *Id.*; *see also* 46 U.S.C. § 30511(b)(1).

After a shipowner files a limited liability complaint and complies with the requirements of Supplemental Rule F(1), the district court must stay all proceedings against the shipowner that involve issues arising out of the subject matter of the limitation action. *See* Supplemental Rule F(3); 46 U.S.C. § 30511(c). The district court will then "direct all potential claimants to file their claims against the shipowner in the district court within a specified period of time." *Gorman v. Cerasia*, 2 F.3d 519, 523 (3d Cir. 1993) (internal quotation marks omitted); *see also* 46 U.S.C. § 30511(c); Supplemental Rule F(3)-(4). Additionally, "[o]n application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action." Supplemental Rule F(3).

**ANALYSIS**

> Submission of an *ad interim* stipulation is one way of satisfying Rule F's requirement of the vessel or security for the vessel as a prerequisite to proceeding with a petition for limitation. The stipulation is *ad interim*, or temporary, so that if the value of the vessel is challenged the court may allow for 'due appraisement' of the vessel prior to entering a final order or approving a stipulation establishing the value of the vessel. 'Due appraisement' generally means appraisement proceedings which afford interested parties an opportunity to be heard and to challenge the appraisement offered by petitioner.

*Complaint of N. Lubec Mfg. & Canning Co.*, 647 F. Supp. 1132, 1134 (D. Me. 1986) (quoting Supplemental Rule F(7) (citation omitted)); *see also The Ontario No. 1*, 80 F.2d 85, 87–88 (2d Cir. 1935). (explaining that, "[a]lthough the rule is silent on the subject," a "long standing" practice permits a shipowner to "obtain ex parte the issuance of a monition and injunction if he posts an *ad interim* stipulation in an amount approved by the court after examining affidavits presented by [the shipowner]").

Here, Hollis claims that the value of the New Horizon is $43,261. In support of that value, Hollis filed an affidavit from John M. Graff ("Graff") who appraised the post-collision value of the New Horizons at $43,261. ECF No. 3, Exh. 1. Graff's affidavit indicated that he has been National Association of Marine Surveyors certified marine surveyor since 1992. Graff also asserts that he determined the value of the New Horizons by relying, in part, on his "years of experience surveying similar vessels and the historical sale prices for substantially similar vessels." *Id.*

The Court will accept Hollis's *ad interim* stipulation of value. Of course, the Court's acceptance at this stage is without prejudice to claimants who may dispute the value of the vessel at the appropriate time.

Having accepted the *ad interim* stipulation, the Court will next consider whether Hollis has provided adequate security.

"The court possesses great discretion in determining just what constitutes appropriate security." *Luhr Bros. Inc. v. Gagnard*, 765 F. Supp. 1264, 1268 n.4 (W.D. La. 1991); *see also Karim*, 1998 WL 713396, at *1 ("The Court has an absolute right to determine what constitutes approved security" (internal quotation marks omitted)). In determining whether offered security is adequate, a court should consider whether the security provides a sufficient guarantee "to secure the . . . Claimants' ability to collect for any claims on which they prevail." *See El Paso Prod. GOM, Inc. v. Smith*, 406 F. Supp. 2d 671, 679 (E.D. La. 2005). This Court previously observed that, "[a]t the very least, this should require a letter of undertaking executed by an appropriate surety." *See* ECF No. 35 at 15; see *also Karim v. Finch Shipping Co.*, No. CIV. A. 95-4169, 1998 WL 713396, at *2 (E.D. La. Oct. 6, 1998), *aff'd sub nom.* 177 F.3d 978 (5th Cir. 1999) (ordering shipowner to provide additional security because the court "ha[d] concerns about the stability and reliability of the current letter of undertaking proffered by Ocean Marine [Mutual Protection & Indemnity Association, Ltd.]"); *Matter of Compania Naviera Marasia S. A., Atlantico*, 466 F. Supp. 900, 902 (S.D.N.Y. 1979) (discussing

practice, in connection with *ad interim* stipulations, of "accept[ing] letters of undertakings given by underwriters . . . in order to avoid the detention of vessels and the expense of posting security in other forms").

Here, Hollis has offered a letter of undertaking from its insurance provider, Falvey, as security. Falvey agrees to pay the value of the *ad interim* stipulation with 6% interest. Though Falvey's promise to pay was "subject to the terms and conditions of its [insurance] policy" with Hollis, Falvey asserted that "[t]here are no coverage defenses or reservations of rights which Falvey . . . has raised to date regarding this claim." ECF No. 39, Exh. 1 at 1. Given this assurance, the Court finds the letter of undertaking is adequate security.[1]

The premises considered, it is hereby

**ORDERED** that the *Ad Interim* Stipulation and Letter of Undertaking by Falvey Yacht Insurance, filed herein by Hollis B. Corp., for the value of the Hollis B. Corp.'s interest in the New Horizons with freight pending on October 22, 2014, in the

---

[1] The Geraces' argue that the Court should deny the *ad interim* stipulation because Hollis "was in privity and/or had knowledge of the incident" ECF No. 41 at 3. That argument is premature. *See Gorman*, 2 F.3d at 523 (explaining that, after staying proceedings against a shipowner in a limitation of liability proceeding, the district court conducts "a proceeding known as a concursus," and "sitting in admiralty without a jury, determines whether there was negligence," and "if there was negligence, whether it was without the privity and knowledge of the owner").

principal amount of $43,261.00 with interest thereon at a rate of 6% per annum from the date thereof, are accepted and approved as to form, quantum, and surety; it is further

**ORDERED** that any claimant who may properly become a party hereto may contest the amount or value of Hollis B. Corp.'s interest in the New Horizons and the pending freight and/or charter hire on October 22, 2014, and may move the Court for due appraisal of said interest and may apply to have the amount increased or diminished, as the case may be, or the determination of the Court of the amount or value of said interest; it is further

**ORDERED** that if the amount of said *Ad Interim* Stipulation is not contested by any claimant herein, said *Ad Interim* stipulation shall stand as a Stipulation for Value. In that case, an appraisal by a commissioner will not be required; it is further

**ORDERED** that Notice shall be issued out of and under the seal of this Court to all persons asserting claims with respect to which the Complaint seeks exoneration or limitation, admonishing them to file its respective claims with the Clerk of Court, in writing, and to serve on the attorney for the Petitioner a copy thereof no less than 30 days after issuance of notice, or be defaulted and that if any claimant desires to

contest either the right to exoneration from or the right to limitation of liability, he shall file and serve on attorney for Hollis B. Corp. an Answer to the Complaint on or before the said date unless his claim has included an answer to the Complaint so designated, or be defaulted; it is further

**ORDERED** that Hollis B. Corp. shall publish the aforesaid Notice as required by Supplemental Rule F of the Federal Rules of Civil Procedure Virgin Islands Daily News and copies of the Notice shall also be mailed to all known claimants by Hollis B. Corp. in accordance with Rule F and this order; it is further

**ORDERED** that the commencement and/or further prosecution of any action or proceeding against Hollis B. Corp., the New Horizons *in rem,* its Underwriters, or any of Hollis B. Corp.'s property with respect to any claim for which Hollis B. Corp. seeks exoneration from or limitation of liability, including any claim arising out of or connected in any way with any loss, damage, death, injury or destruction resulting from the casualty, alleged incident and/or accident occurring on or about October 22, 2014, which is described in the complaints filed in this Court bearing Civil Number 2015-74 and Civil Number 2016-82 be, and the same is, hereby stayed and restrained, and all prior orders, rulings or decrees issued in conjunction with any

heretofore filed libels or claims be stayed and restrained until the hearing and determination of this proceeding; it is further

**ORDERED** that Hollis B. Corp. may make service of this Order as a restraining order through the United States Post Office by mailing a copy thereof to any persons to be restrained, or their respective attorney; and it is further

**ORDERED**, that Hollis B. Corp. shall serve copies of the aforesaid notice upon all known claimants, as required by Rule F(4) of the Supplemental Admiralty Rules by U.S. mail addressed to either the claimants or, if represented by counsel, to their attorneys.

**S_______________________**
**Curtis V. Gómez**
**District Judge**